UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| CIDRELLA JONES, | ) | Case No. ED CV 07-1103-PJW |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Supplemental Security Income ("SSI") benefits. Plaintiff asks the Court to reverse the Agency's decision and award benefits or, in the alternative, to remand the case for further proceedings. Because the Agency's decision that Plaintiff was not disabled is supported by substantial evidence, it is affirmed.

In March 2004, Plaintiff filed an application for SSI, alleging an inability to work due to diabetes, hypertension, and the after-effects of a stroke. (Administrative Record ("AR") 24, 53, 62.) The Agency denied her application at the initial and reconsideration levels. Plaintiff then requested and was granted a hearing before an

1 | Administrative Law Judge ("ALJ").   (AR 20-22, 107-28.)   Following the
2 | hearing, the ALJ issued a decision, denying Plaintiff's application
3 | for SSI.   (AR 10-15.)   Plaintiff requested review by the Appeals
4 | Council, which was denied.   (AR 3-5, 8-9.)

5 |      Thereafter, Plaintiff filed the instant action, claiming that the
6 | ALJ erred when he failed to properly consider how her obesity,
7 | depression, and medication side effects affected her ability to work.
8 | (Joint Stip. at 3-23.)   She also claimed that the ALJ erred when he
9 | failed to take these conditions into account in the hypothetical
10 | question to the vocational expert.   For the following reasons, the
11 | Court concludes that these claims are without merit.

12 |      Plaintiff contends that the ALJ failed to consider the impact of
13 | her obesity on her ability to work.   She argues that the evidence
14 | clearly showed that she was obese and, as a result, the ALJ had a duty
15 | to take this into consideration in determining whether she was
16 | disabled, citing *Celaya v. Halter*, 332 F.3d 1177 (9th Cir. 2003).
17 | (Joint Stip. at 3-4.)   For the following reasons, the Court disagrees.

18 |      Plaintiff's application for benefits was based on her claim that
19 | she was disabled as a result of a stroke, diabetes, and high blood
20 | pressure.   (AR 53.)   She did not allege that obesity was a
21 | contributing factor.   (AR 53.)

22 |      Plaintiff submitted 33 pages of medical records, covering the
23 | period from May 2004 to June 2005.   (AR 73-106.)   These records showed
24 | that Plaintiff complained of and was treated for hypertension,

2

1  diabetes, and pain in various parts of her body.   (AR 74-106.)   She
2  was not treated for obesity.[1]

3      At the hearing in September 2005, Plaintiff testified that she
4  was 5'-8" tall and weighed 212 pounds.   (AR 115.)   Not only did she
5  not claim that she was impaired by her obesity, she specifically
6  testified that it was not a factor.   (AR 122 ("I don't think the
7  weight is a problem.   It's the pain that I have--").)   Plaintiff's
8  lawyer never raised the issue of obesity at the hearing and never
9  elicited any testimony from his client as to how her obesity impacted
10  her ability to work.   (AR 107-28.)   Only after the ALJ issued his
11  decision denying her claim for benefits did Plaintiff argue that she
12  was impaired as a result of her obesity.

13      The Court finds this argument unpersuasive.   Plaintiff is hard-
14  pressed to convince the Court that it was the ALJ's fault that he did
15  not consider the impact of Plaintiff's obesity on her ability to work
16  in light of the fact that Plaintiff not only did not raise the issue
17  but denied it when asked about it by the ALJ.   This is particularly
18  true where Plaintiff was represented by counsel, who is entitled to
19  some leeway in how he presents his client's case to the Agency.

20      The Court recognizes that, in *Celaya*, the Ninth Circuit held that
21  an ALJ should consider the effect of a claimant's obesity on her
22  ability to work, in combination with her other impairments, even where
23  the claimant does not raise the issue.   332 F.3d at 1182.   But the

24

25      [1]   Almost every time she went to a doctor for treatment,
   Plaintiff was weighed at the doctor's office.   Her weight ranged from
26  193 to 210 pounds.   (AR 74-106.)   Though Plaintiff testified that she
   had weighed as much as 270 pounds before her stroke in March 2004, she
27  also explained, incongruently, that she was in good condition before
   her stroke.   (AR 117, 118.)   There are no records that document her
28  weight above 210 pounds.

1  court in *Celaya* came to this conclusion based on the fact that: 1) the
2  claimant had implicitly raised the issue of obesity in her filings;
3  (2) the record showed that the claimant's obesity was close to the
4  Listing criterion and "could exacerbate her reported illnesses"; and
5  (3) the claimant did not have counsel and, therefore, it was incumbent
6  on the ALJ to further develop the record where necessary.   *Id.*

7      Obviously, the facts in the case at bar do not line up with those
8  in *Celaya*.  First, and importantly, Plaintiff was represented by
9  counsel at the administrative hearing.  Second, the objective medical
10  evidence showed that Plaintiff, though technically obese, was not so
11  overweight that her weight interfered with her ability to work.[2]
12  Third, when asked about her obesity, Plaintiff told the ALJ that it
13  was not a factor.  Fourth, Plaintiff was not close to meeting the
14  requirements of any Listing for which the combination of her
15  impairment and her obesity might push her over the threshold.

16      Plaintiff's situation is much more like the claimant's in *Burch*
17  *v. Barnhart*, 400 F.3d 676 (9th Cir. 2005).  There, the Ninth Circuit
18  distinguished its holding in *Celaya*, finding that an ALJ has no duty
19  to consider a claimant's obesity where she is represented by counsel
20  and the record does not indicate that her obesity "exacerbated her
21  other impairments."  *Id.* at 682.

22      The Court also notes that, though several physicians found that
23  Plaintiff was obese, none of them found that her obesity limited her
24  ability to work.  (AR 71, 74, 76.)  Nor did they find that Plaintiff
25

26      [2]  The claimant in *Celaya* weighed between 205 and 213 pounds--
27  about the same as Plaintiff--but was only 57" (or 54") inches tall.
   *Id.* at 1179.  Plaintiff is at least 11" taller than she was.  (AR
28  115.)

4

suffered from any functional limitations due to her weight.  For all these reasons, the Court concludes that the ALJ did not err in further addressing Plaintiff's obesity and, therefore, remand on this issue is not warranted.  *See Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511-12 (9th Cir. 1987) (holding that a claimant represented by counsel could not obtain reversal of the ALJ's decision on the ground that the ALJ failed to consider a particular impairment--even where the record before the ALJ contained some evidence of it--where the impairment was not significantly at issue and where the claimant offered no explanation for his failure to press the particular claim of impairment at or before the hearing).

Plaintiff next argues that the ALJ erred when he failed to find that she suffered from depression.  (Joint Stip. at 14.)  She complains that he impermissibly focused on her lack of treatment in reaching this conclusion.  (Joint Stip. at 15.)  This claim, too, is without merit.

It is the claimant's burden to prove that she has an impairment. *See Thomas v. Barnhart*, 278 F.3d 947, 954-55 (9th Cir. 2002).  "[T]he existence of a medically determinable physical or mental impairment cannot be established in the absence of objective medical abnormalities; i.e., medical signs and laboratory findings."  *Ukolov v. Barnhart*, 420 F.3d 1002, 1005 (9th Cir. 2005) (quoting SSR 96-4p).

Plaintiff was never treated for depression, or any other mental disorder.  Nor did any doctor, psychologist, or social worker ever diagnose her with depression.  The 30+ pages of medical records she submitted relate only to her treatment for physical ailments.  (AR 74-106.)  The only evidence that Plaintiff suffered from depression was her testimony that she did.  This is simply not enough.  *Ukolov*, 420

1  F.3d at 1005.  This is particularly true in this case because the ALJ
2  found that Plaintiff was not credible, (AR 13-14), a finding that she
3  has not challenged.

4       Plaintiff relies on *Regennitter v. Comm'r of the Soc. Sec.*
5  *Admin.*, for the proposition that the ALJ should not have relied on the
6  fact that Plaintiff had not undergone treatment to find that she was
7  not depressed because "mental illness is notoriously underreported and
8  because it is a questionable practice to chastise one with a mental
9  impairment for the exercise of poor judgment in seeking
10  rehabilitation."  166 F.3d 1294, 1299-1300 (9th Cir. 1999) ((internal
11  quotation marks omitted)(citing *Nguyen v. Chater*, 100 F.3d 1462, 1465
12  (9th Cir. 1996)).  Plaintiff's argument is misplaced.  Though the
13  claimant in *Regennitter* had not undergone mental health treatment, he
14  had been examined by two psychologist, both of whom had diagnosed him
15  with depression.  *Id.* at 1298-1300.  Clearly, that is not the case
16  here.  No mental health professional has ever diagnosed Plaintiff with
17  depression.  In fact, her use of the term "depression" appears to be
18  based on her self-diagnosis.  This, alone, is not enough to establish
19  that she is depressed under the Agency's rules and regulations.
20  *Ukolov*, 420 F.3d at 1005.  Nor did the ALJ err in so concluding.  For
21  this reason, this claim is rejected.[3]

22       In her third claim of error, Plaintiff contends that the ALJ
23  failed to properly consider the side effects of her medications in
24

25       [3]  Plaintiff also cites *Nguyen,* 100 F.3d at 1465, for the
26  proposition that the ALJ should not have relied on a lack of treatment
    to reject her claim of depression.  But, in *Nguyen*, like *Regennitter*,
27  the claimant had been examined by psychologists who had diagnosed him
    with depression.  *Id.* at 1464-65.  Thus, *Nguyen* does not help
28  Plaintiff, either.

1  evaluating her ability to work.  (Joint Stip. at 19-20.)  She explains

2  that common side effects include nausea, anxiety, drowsiness,

3  weakness, fatigue, shortness of breath, confusion, dizziness, fainting

4  spells, and headaches.  (Joint Stip. at 18-19.)  For the following

5  reasons, the Court concludes that this claim is without merit.

6       An ALJ need not address all possible side effects of medications,

7  only those that a claimant experiences, as evidenced by the record.

8  See Thomas, 278 F.3d at 960 (upholding the ALJ's rejection of the

9  plaintiff's statements that her medications affected her concentration

10  and made her dizzy where no objective evidence was put forth and the

11  ALJ properly found that her testimony was generally not credible).

12  In a disability report Plaintiff submitted to the Agency in support of

13  her application, she noted that her medications caused fatigue.  (AR

14  44, 49-50.)  At the administrative hearing, she testified that they

15  caused sleepiness.  (AR 116, 126.)  She never alleged any other side

16  effects.  (AR 116, 126.)  The ALJ accepted Plaintiff's claimed side

17  effects and limited her to "simple repetitive work tasks" to account

18  for them.  (AR 13, 123.)  This was all the ALJ was required to do.

19  The fact that there were other possible side effects from her

20  medications--side effects Plaintiff apparently never experienced--is

21  irrelevant.  And the ALJ did not err in failing to address them.  For

22  these reasons, this claim is denied.

23       Lastly, Plaintiff argues that the ALJ erred when he failed to

24  include the limitations caused by her obesity, depression, and

25  medication side effects in the hypothetical question to the vocational

26  expert.  (Joint Stip. at 22.)  Again, the Court disagrees.

27       An ALJ is not required to include all alleged limitations in a

28  hypothetical question to a vocational expert, only those that are

7

1  supported by substantial evidence in the record.  *See Magallanes v.*
2  *Bowen*, 881 F.2d 747, 756-57 (9th Cir. 1989).  The ALJ concluded, and
3  this Court has agreed, that Plaintiff's obesity and alleged depression
4  did not interfere with her ability to work.  Thus, the ALJ was not
5  required to take them into account in the hypothetical question to the
6  vocational expert.  As to the sleepiness caused by the medications,
7  the ALJ limited the hypothetical person to someone who could perform
8  only simple and repetitive tasks to accommodate for it.  (AR 123.)
9  Plaintiff has not provided any reason why this was not enough, and the
10  Court has not come up with one on its own.  Therefore, this claim is
11  rejected.

12      For all these reasons, the Agency's decision is affirmed and the
13  case is dismissed with prejudice.

14      IT IS SO ORDERED.

15      DATED:     March 5, 2009.

16
17
18                          PATRICK J. WALSH
19                          UNITED STATES MAGISTRATE JUDGE
20
21
22
23
24
25
26
27
28  S:\PJW\Cases-Soc Sec\JONES, C 1103\Memo Opinion.wpd